

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,825

### Ex parte LEE ROBERT CARLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM ARANSAS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

Pursuant to a plea agreement, applicant pled guilty in 1999 to a two-count indictment alleging attempted capital murder and aggravated robbery. The attempted capital murder count provided that applicant, "with the specific intent to commit the offense of Capital Murder, did then and there attempt to intentionally cause the death of an individual by cutting and stabbing . . . with a knife while in the course of committing or attempting to commit robbery." The aggravated robbery count provided that applicant did, "while in the course of committing theft . . . intentionally or knowing cause serious bodily injury . . . by cutting or stabbing . . . with a knife."

In September 2011, applicant filed the instant habeas application alleging, among other things, that conviction on both counts violated double jeopardy. With no response from the State

and no findings from the trial court, we remanded the case to the trial court for findings. Pursuant to our remand order, the trial court issued findings, which included the following: "Although Attempted Capital Murder requires proof of an element that is not required to prove Aggravated Robbery, based upon the allegations as set out in the indictment in this cause, the charge of Aggravated Robbery in the Second Count would have been a lesser included offense of the charge of Attempted Capital Murder as set forth in the First Count." The trial court recommends vacating conviction on the second count.

Even under the indictment, each of the counts required proof of at least one fact that the other did not: Attempted capital murder required proof of intent to kill but did not require proof that *serious* bodily injury was actually inflicted,[1] while aggravated robbery required proof that serious bodily injury was inflicted without requiring proof of intent to kill. But a finding of different elements under *Blockburger* does not necessarily end a double-jeopardy inquiry—the offense could be considered the same "if other indicia manifest a legislative intent that an accused not be punished for both offenses if they occur in the course of a single transaction."[2]

The offenses of aggravated robbery and attempted capital murder could have been alleged in such a way that the aggravated robbery would clearly have been a lesser-included offense of the attempted capital murder. The language of the indictment in this case appears, however, to have been crafted with the purpose of avoiding a double jeopardy problem, and appellant pled guilty pursuant to a plea agreement. I am unaware of any published decision from this Court addressing a double-jeopardy claim under these types of facts.

---

[1] The allegations of cutting or stabbing with a knife implicitly allege bodily injury.

[2] *Gonzales v. State*, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010).

Appellant is *pro se,* and we have no response from the State.  I would file and set this case to seek input from appellant[3] and the State and to consider this matter further.  Because the Court grants relief without doing so, I respectfully dissent.

Filed: June 27, 2012
Publish

---

[3]  If appellant is indigent, he should be appointed counsel to brief the issue.